*251 OPINION.
Littleton:
The questions involved in this case are entirely questions of fact, the errors assigned being, in effect, that the Commissioner improperly disregarded petitioner’s books of account and determined income on an arbitrary basis. While the records maintained by the petitioner are very crude in their nature and can not be said to represent either a single or double entry system of bookkeeping, we are convinced from the books and other evidence submitted to the Board that the information contained therein furnishes an accurate basis for deciding the questions presented.
The items in dispute are the amount of total purchases and gross sales for 1919 and total purchases and expenses for 1920, petitioner having conceded the correctness of the result of the Commissioner’s determination for the year 1918. The evidence submitted by peti *252 tioner in support oí its contentions is rather voluminous and in great detail, and we deem it unnecessary to enter into a minute discussion of it here. Suffice it to say that petitioner’s books and records and the oral testimony of several witnesses who were thoroughly familiar with the business, and who kept the books and knew their contents, fully support petitioner’s claims, and the figures which we have found to represent the total purchases and gross sales for 1919 and the total purchases and deductible expenses for 1920. The revenue agent, whose report was followed by the Commissioner, could have determined these items from the books and records but apparently he was unwilling to undertake the task.
Redetermination of the deficiencies will be made in accordance with the foregoing.
Judgment will he entered on 10 days' notice, wider Rule 60.